UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EFREN GALLEGOS-RAYMUNDO,<br><br>Defendant. | CASE NOS.: CR08-0159JLR, CR09-0013JLR, CR13-0023JLR<br><br>ORDER REGARDING RENEWED MOTION POST-REMAND FOR A SENTENCE REDUCTION |

## I. INTRODUCTION

Before the court is Defendant Efren Gallegos-Raymundo's renewed motion for a sentence reduction following a remand by the Ninth Circuit Court of Appeals. (*See* Renewed Mot. (Dkt. # 294); 9th Cir. Mem. Op. (Dkt. # 288); 9th Cir. Mandate (Dkt. # 291).)[1] Mr. Gallegos-Raymundo asks the court to reduce his combined sentence from 78 months to 69 months. (Renewed Mot. at 10.) The court has considered the motion,

//

---

[1] Unless specifically noted, all citations to the record are to Case No. CR08-0159JLR-4.

Plaintiff United States of America's ("the Government") response (Resp. (Dkt. # 295)), Mr. Gallegos-Raymundo's reply (Reply (Dkt. # 296)), the balance of the record, and the applicable law.[2] For the reasons stated below, the court GRANTS in part and DENIES in part Mr. Gallegos-Raymundo's renewed motion. Specifically, the court GRANTS Mr. Gallegos-Raymundo a sentence reduction, but from 78 months to 75 months, rather than the requested 78 months to 69 months.

## II. BACKGROUND

Mr. Gallegos-Raymundo is an inmate currently in federal custody, serving a combined sentence for three separate offenses that this court previously reduced from 78 months to 75 months. (*See* 3/17/15 Order (Dkt. # 275).) The Ninth Circuit vacated this court's ruling reducing Mr. Gallegos-Raymundo's sentence because the court did not "provide any explanation for its decision." (9th Cir. Mem. Op. at 4.) The Ninth Circuit remanded the matter so that this court could "provide the requisite explanation" and address "its consideration of the [18 U.S.C.] § 3553(a) factors and any specific arguments raised by the parties."[3] (*Id.*)

In his renewed motion, Mr. Gallegos-Raymundo requests that the court grant him a larger sentence reduction on remand—reducing his term of imprisonment from 78 to 69

---

[2] No party requested oral argument. Mr. Gallegos-Raymundo expressly submitted his motion "without oral argument." (*See* Mot. at 1 (capitalization omitted); Reply at 1 (capitalization omitted).)

[3] Mr. Gallegos-Raymundo argues that the Government "misconstrues the scope of the remand." (Reply at 3.) The court agrees that Mr. Gallegos-Raymundo is free on remand to argue for a new sentence (*id.* at 4), but rejects the notion that the Ninth Circuit's remand order required the court to reduce Mr. Gallegos-Raymundo's revised sentence to a term less than 75 months (*see* 9th Cir. Mem. Op. at 4).

months. (Renewed Mot. at 10.) The government agrees that Mr. Gallegos-Raymundo is eligible for a sentence reduction, but recommends that the court re-impose the same 75-month sentence—representing only a three-month reduction. (Resp. at 2.) Before addressing the substance of Mr. Gallegos-Raymundo's renewed motion, the court recounts the pertinent background of Mr. Gallegos-Raymundo's criminal cases and sentencing proceedings.

A. The 2008 Cocaine Conspiracy Case (CR08-0159JLR)

Mr. Gallegos-Raymundo was one of seven defendants in an indictment the Government filed in the Western District of Washington on May 7, 2008. (Ind. (Dkt. # 1).) The indictment alleged a conspiracy to distribute cocaine and methamphetamine. (*Id.*) On May 15, 2008, the court ordered Mr. Gallegos-Raymundo to be released pending trial upon his agreement to execute an appearance bond. (5/15/08 Min. Entry (Dkt. # 47).) Mr. Gallegos-Raymundo executed the bond in open court promising to appear as required for court hearings and to abide by all other conditions of his release. (*See* App. Bond (Dkt. # 49).) The bond notified Mr. Gallegos-Raymundo that he was subject to additional punishment of up to ten years of imprisonment if he committed a new felony while on release. (*Id.*)

The court ordered all parties, including Mr. Gallegos-Raymundo, to attend a pretrial status conference on September 9, 2008. (*See* 8/26/08 Dkt. Entry.) Mr. Gallegos-Raymundo failed to appear at the pretrial conference, and the court issued an arrest warrant for him. (9/9/08 Min. Entry (Dkt. # 129).)

//

On October 19, 2012, local law enforcement arrested Mr. Gallegos-Raymundo. (PSR (Dkt. # 240) ¶ 4.) On January 28, 2013, Mr. Gallegos-Raymundo entered a guilty plea to Count 1 of the Superseding Indictment—conspiracy to distribute cocaine. (Sup. Ind. (Dkt. # 55); 1/28/17 Min. Entry (Dkt. # 233).) As part of his guilty plea, Mr. Gallegos-Raymundo admitted that in furtherance of the 2008 cocaine conspiracy he personally received at least 2 kilograms of cocaine intended for redistribution. (Plea Agreement (Dkt. # 235) ¶ 9.d.)

**B.  The Failure to Appear Case (CR09-0013JLR)**

On January 7, 2009, while still a fugitive, Mr. Gallegos-Raymundo was indicted in a second case and charged with the separate federal felony offense of failure to appear after pre-trial release, in violation of 18 U.S.C. § 3146(a)(1), arising from his failure to appear at the September 9, 2008, pretrial hearing in the drug conspiracy case. (Case No. CR09-0013JLR, Ind. (Dkt. # 1).) Following his arrest on October 19, 2012, Mr. Gallegos-Raymundo pleaded guilty to this offense. (Case No. CR09-0013JLR, 1/12/17 Min. Entry (Dkt. # 17); Plea Agreement (Dkt # 19); Ord. of Accept. (Dkt. # 21).) As part of his guilty plea, he admitted that (1) the court notified him of the pretrial hearing in the drug conspiracy case, (2) he understood that he was obligated to appear, and (3) he intentionally failed to do so. (Case No. CR09-0013JLR, Plea Agreement ¶ 9.c.-d.)

**C.  The 2012 Cocaine Distribution Case (CR13-0023JLR)**

On January 28, 2013, Mr. Gallegos-Raymundo also pleaded guilty to a felony information charging a separate offense involving the distribution of cocaine. (Case No. 12-0023JLR, Felony Inform. (Dkt. # 1); 1/12/13 Min. Entry (Dkt. # 6); Plea Agreement

(Dkt. # 8); Ord. of Accept. (Dkt. # 10).)  As a part of his guilty plea, Mr. Gallegos-Raymundo admitted that on October 19, 2012, he distributed approximately nine ounces (258.4 gross grams) of cocaine to a Seattle Police Department ("SPD") confidential informant and that another 394 gross grams of cocaine were found in the vehicle in which he arrived to make the delivery.  (Case No. CR09-0013JLR, Plea Agreement ¶ 9.c.-d.)

**D.    Mr. Gallegos-Raymundo's Sentencing Guidelines Calculation**

United States Probation prepared a single presentence report for all three convictions, which were combined into one sentencing range.  (PSR (Dkt. # 240) ¶¶ 42-54.)  As explained by Probation:

> This case involved multiple counts of conviction. Conspiracy to Distribute Cocaine (2:08CR00159JLR-004) and Distribution of Cocaine (2:13CR00023JLR-001) shall be grouped together into a single group because the offense level is determined largely on the basis of the total quantity of substance involved. USSG § 3D1.2(d).  The Court must further determine whether grouping applies for the drug counts and the Failure to Appear.  Because the conduct for Failure to Appear is treated as an adjustment to the drug counts, all counts are grouped. USSG § 3D1.2(c). Lastly, the guideline that generates the highest offense level is applied. USSG § 3D1.3(a). In this case, the highest offense level is derived from the applicable guideline Conspiracy to Distribute Cocaine, which is USSG § 2D1.1.

(*Id.* ¶ 42.)

Probation concluded that Mr. Gallegos-Raymundo's base offense level was 28 because the two combined drug offenses involved 2.65 kilograms of cocaine.  (*Id.* ¶ 44 (citing the former version of the United States Sentencing Guidelines ("USSG")

//

§ 2D1.1(c)(6), which was applicable at the time, indicating that for offenses involving at least 2 kilograms, but less than 3.5 kilograms of cocaine, the base level offense is 28).)

Probation awarded Mr. Gallegos-Raymundo a two-level reduction under USSG § 5C1.2—known as the safety valve provision—because he met all the criteria. (*Id.* ¶ 45.) The application of this provision lowered his offense level to 26. (*Id.*) Probation then added two levels to the underlying drug offense, which was warranted due to his conviction for failure to appear at the pretrial hearing in the drug conspiracy case. (*Id.* ¶ 48); *see also* USSG § 3C1.1; USSG § 2J1.6, app. n.3. This addition brought his offense level back up to 28.

Next, Probation assessed a three-level enhancement because Mr. Gallegos-Raymundo was convicted of at least one new crime while he was on pretrial release. (PSR ¶ 49 (citing USSG § 3C1.3)); *see also* 18 U.S.C. § 3147. Indeed, here Mr. Gallegos-Raymundo committed two new crimes: distribution of cocaine and failure to appear. *See supra* §§ II.B., II.C. Accordingly, Mr. Gallegos-Raymundo's offense level was now 31.

Finally, Probation awarded Mr. Gallegos-Raymundo a three-level reduction for acceptance of responsibility. (PSR ¶ 51); *see also* USSG 3E1.1. Probation noted that cases involving an intentional failure to appear ordinarily indicate that the defendant has not accepted responsibility. (PSR ¶ 51 (citing USSG § 3E1.1, app. n.4).) Indeed, Probation noted that Mr. Gallegos-Raymundo "willfully absconded for nearly four years, and he continued to engage in the same criminal conduct after he was formally arraigned in the first offense." (*Id.*) In Mr. Gallegos-Raymundo case, however, Probation was

nevertheless persuaded to give him this credit because he subsequently admitted the facts set forth in the plea agreement, acknowledged his guilt, and the parties stipulated to the reduction. (*Id.*) This final reduction brought Mr. Gallegos-Raymundo's total offense level down to 28. (*Id.* ¶¶ 52, 54.)

Mr. Gallegos-Raymundo had no prior convictions, so his criminal history category was I. (*Id.* ¶ 57 (citing USSG ch. 5, part A).) Probation calculated his advisory Sentencing Guidelines range, based on a total offense level of 28 and criminal history category of I, to be 78-97 months. (*Id.* ¶ 83.)

### E. Mr. Gallegos-Raymundo's Initial Sentence

At the global sentencing hearing on July 29, 2013, the court adopted these Sentencing Guidelines calculations and imposed a total term of 78 months of imprisonment for all three of Mr. Gallegos-Raymundo's convictions. (*See* 7/29/13 Min. Entry (Dkt # 247); Judgment (Dkt # 248).) As required by 18 U.S.C. § 3147, the court split the total terms of imprisonment into two parts, stating: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 66 months in cases CR08-[0]159JLR and CR13-[00]23JLR, concurrent, plus 12 months in case CR09-[00]13, to run consecutively, for a total sentence of = 78 months' imprisonment." (Judgment at 2.) The court entered identical judgments in each of the three cases. (*See id.*; *see also* Case No. CR09-0013JLR, Judgment (Dkt. # 30); Case No. CR13-0023JLR, Judgment (Dkt # 19).)

//
//

### F. Mr. Gallegos-Raymundo's Initial Sentence Reduction

On November 14, 2014, Mr. Gallegos-Raymundo filed a motion to reduce his sentence pursuant to Amendments 782 and 788 of the United States Sentencing Guidelines, which respectively reduced most drug-related offense levels under USSG § 2D1.1 by two levels and rendered the reduction retroactive. (*See* Case No. CR13-0023, Mot. to Reduce (Dkt. # 20).) Based on these Amendments, Mr. Gallegos-Raymundo asked the court to reduce his total sentence from 78 months to 63 months. (*Id.* at 5.) The Government conceded that under Amendments 782 and 788 Mr. Gallegos-Raymundo's total offense level declined from 28 to 26 and his Sentencing Guidelines range fell from 78-97 months to 63-78 months. (*Id.*, Resp. to Mot to Reduce (Dkt. # 22).) The Government, however, recommended only a three-month reduction for a total sentence of 75 months. (*Id.*, Resp. to Mot. to Reduce at 11-12.) On March 17, 2015, the court granted Mr. Gallegos-Raymundo's motion but reduced his sentence by only 3 months as the Government recommended. (3/17/15 Order.)

### G. Mr. Gallegos-Raymundo's Appeal and Remand from the Ninth Circuit

Mr. Gallegos-Raymundo appealed the court's ruling reducing his sentence by three months. (Not. of App. (Dkt. # 276).) As described above, the Ninth Circuit vacated the court's order and remanded so the court could provide an explanation for its decision and address the 18 U.S.C. § 3553(a) factors and any specific arguments the parties raised. (9th Cir. Mem. Op. at 4.) Following remand, the parties filed a stipulated motion setting a briefing schedule for Mr. Gallegos-Raymundo's renewed motion for a reduction in his sentence, and the court granted the parties' stipulated motion. (Stip. Mot. (Dkt. # 292;

Ord. Granting Stip. Mot. (Dkt. # 293).) Mr. Gallegos-Raymundo's renewed motion to reduce his sentence is now before the court.

### III.   ANALYSIS

In his renewed motion, Mr. Gallegos-Raymundo seeks a sentence reduction to 69 months. (Renewed Mot. at 10.) Mr. Gallegos-Raymundo explains that he no longer seeks a sentence reduction to 63 months because he has "already served . . . some six month past the low end of the now applicable guideline range." (*Id.*. at 8.) He asserts that a sentence reduction to 69 months will essentially result in a "time-served" sentence. (*Id*. at 6.) The Government, however, continues to recommend a reduction of only three months for a total combined sentence of 75 months. (Resp. at 2.)

**A.   Standards for Considering a Reduction in Sentence**

Ordinarily, a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment" that may not be modified. 18 U.S.C. § 3582(b). However, § 3582(c)(2) "establishes an exception" "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Dillion v. United States*, 560 U.S. 817, 824-25 (2010) (quoting 18 U.S.C. § 3582(c)(2)). There is no dispute that Mr. Gallegos-Raymundo is entitled to a sentence reduction based on Amendments 782 and 788 to the United States Sentencing Guidelines. (Mot. at 4-5; Resp. at 2 ("The [Government], as stated previously, agrees that [Mr. Gallegos-Raymundo] is eligible for a reduction to a new term of imprisonment of not less

than 63 months."); 9th Cir. Mem. Op. at 3 ("The parties agree that [Mr.] Gallegos-Raymundo is eligible for a sentence reduction, because Amendment 782 to the Sentencing Guidelines lowered 'the guideline range applicable to [him]' after he was initially sentenced, . . . and his sentence 'based on' that guideline range . . . .") (first alteration added; second alteration in original) (citing USSG § 1B1.10(a)(1), (d); 18 U.S.C. § 3582(c)(2)).)  Thus, the only question before the court is the appropriate and reasonable length of any such reduction.

If a defendant is eligible for a modification, "the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a)" and any specific arguments raised by the parties.  *See* 18 U.S.C. § 3582(c)(2); (9th Cir. Mem. Op. at 4.)  After considering the applicable factors, the court must determine whether, "in its discretion," the reduction "is warranted in whole or in part under the particular circumstances of this case."  *Dillion*, 560 U.S. at 827.

**B.     The Applicable Section 3553(a) Factors[4]**

The court's duty to consider the 18 U.S.C. § 3553(a) factors "necessarily entails a duty to provide a sufficient explanation of the sentencing decision to permit meaningful appellate review."  *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013).  In addition, "when a party raises a specific, nonfrivolous argument tethered to a relevant

//

---

[4] The court also considered the following factors and finds them to be inapplicable: restitution, the kinds of sentences available, and the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  *See* 18 U.S.C. §§ 3553(a)(2)(D), (a)(3). (a)(7).

§ 3553(a) factor . . . then the judge should normally explain why he accepts or rejects the party's position." *Id.* (ellipsis in original) (quoting *United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008)).[5] In assessing Mr. Gallegos-Raymundo's renewed motion, the court considers the following factors:

1. The Sentencing Range as Established by the Sentencing Commission[6]

As discussed above, Mr. Gallegos-Raymundo's original sentencing range was 78 to 97 months. *See supra* § II.D. After application of Amendments 782 and 788 to the Sentencing Guidelines, Mr. Gallegos-Raymundo's sentencing range is reduced to 63 to 78 months. *See supra* § II.F.

2. The Nature and Circumstances of the Offenses and the Need for the Sentence to Reflect the Seriousness of the Offenses[7]

Mr. Gallegos-Raymundo stands convicted of three serious felonies. *See supra* §§ II.A., B., C. Despite promising the court he would appear, he absconded on his first felony cocaine trafficking offense and then remained a fugitive for nearly four years. *See id.* While a fugitive, he returned to distributing cocaine in the Seattle area until he was eventually arrested by the SPD. *See id.* Due to the idiosyncratic nature of the Sentencing Guidelines' drug quantity tables, the quantity of cocaine involved in his second

---

[5] The court acknowledges that it is not permitted to engage in a de novo resentencing in a 18 U.S.C. § 3582(c)(2) proceeding, *see* USSG § 1B1.10 ("[P]roceedings under § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant."), and is not doing so here. Instead, the court is merely reevaluating the relevant 18 U.S.C. § 3553(a) factors, including the lower sentencing range, and concluding in its discretion that any sentence reduction greater than three months is unwarranted under the circumstances of this case.

[6] *See* 18 U.S.C. § 3553(a)(4).

[7] *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)

distribution offense did not increase his combined base offense level at all.[8] (*See* Plea Agreement ¶ 9.d.) Moreover, Mr. Gallegos-Raymundo was awarded full credit for acceptance of responsibility despite his failure to appear. *See supra* § II.D. Thus, he received a significant break on his original sentence in the form of 78 months of imprisonment, given his advisory Sentencing Guidelines range at that time of 78 to 97 months. (*See* PSR ¶ 83.)

Accordingly, when the Sentencing Guidelines were amended with respect to drug offenses, the court granted Mr. Gallegos-Raymundo a modest three-month reduction from his original sentence at the low end of the former Sentencing Guidelines range. (*See* 3/17/15 Order at 1.) Although the court did not articulate its rationale at the time, the three-month reduction provided Mr. Gallegos-Raymundo with some benefit, but also acknowledged his aggravating conduct that distinguished him from other drug defendants seeking reductions under the Amendments, who had committed neither a second felony drug offense prior to being sentenced on the first offense nor a separate failure to appear offense. The court continues to adhere to that analysis with respect to Mr. Gallegos-Raymundo's renewed motion.

//

//

//

---

[8] For offenses involving at least 2 kilograms, but less than 3.5 kilograms of cocaine, the base level offense was 28. (PSR ¶ 44 (citing the former version of USSG § 2D1.1(c)(6), which was applicable at the time).) Mr. Gallegos-Raymundo admitted that his conspiracy offense involved at least 2 kilograms of cocaine on its own, and so his second drug offense did not increase his base offense level. (*See* Plea Agreement ¶ 9.d.)

### 3. The History and Characteristics of the Defendant[9]

Mr. Gallegos-Raymundo has minimal education and limited documented history of employment. (PSR ¶¶ 76-78.) Prior to the three convictions at issue here, he has no known prior convictions in the United States. (*Id.* ¶ 55-56.) Mr. Gallegos-Raymundo argues that his nearly clear conduct while in custody, good work performance ratings, and significant completed programming while in prison warrants a sentence reduction to 69 months. (Renewed Mot. at 5-6.) The court agrees that Mr. Gallegos-Raymundo should benefit from all earned Bureau of Prison good conduct credit to which he is entitled and which may result in an earlier release than would have otherwise been the case. With respect to any sentence reduction, however, the court finds that any sentence mitigation earned by not committing any new offenses while incarcerated is also offset to a large degree by the obstructive and recidivist conduct related to his combined three felonies. Thus, although the court agrees that Mr. Gallegos-Raymundo's conduct in custody warrants some sentence reduction, the court finds that the modest reduction the Government recommends is more appropriate in this particular circumstance.

### 4. The Need to Promote Respect for the Law, Provide Just Punishment for the Offense, and Afford Adequate Deterrence to Criminal Conduct[10]

Mr. Gallegos-Raymundo's initial offense related to a large conspiracy to distribute cocaine. *See supra* § II.A. Unlike most of his co-defendants, Mr. Gallegos-Raymundo was granted release pending trial. *See id.* However, instead of appearing in court as

---

[9] 18 U.S.C. § 3553(a)(1).

[10] 18 U.S.C. §§ 3553(a)(2)(A), (a)(2)(B).

promised, he absconded. *Id.* While a fugitive, he returned to the Seattle area and resumed his career of distributing cocaine. *See supra* §§ II.A., B., C. His second drug offense, which involved more than 650 gross grams of cocaine in a single setting, was not insignificant. *See supra* § II.C. In the court's view, reducing Mr. Gallegos-Raymundo's total sentence below 75 months would not provide a just punishment for the foregoing crimes. Further, reducing Mr. Gallegos-Raymundo's sentence below 75 months would fail to adequately address these aggravating factors or promote respect for the law of the United States.

     5.  <u>The Need to Protect the Public from Further Crimes of the Defendant</u>[11]

Mr. Gallegos-Raymundo's limited employment options and his demonstrated inability to abide by the laws of the United States when not in custody suggest that he poses a risk to reoffend. In the court's view, this risk weighs against reducing his sentence as significantly as he requests.

     6.  <u>The Need to Avoid Unwarranted Sentence Disparity Among Similarly Situated Defendants</u>[12]

Mr. Gallegos-Raymundo's conduct in this case and his combination of crimes is unique. Accordingly, there are no similarly situated co-defendants in any of Mr. Gallegos-Raymundo's three cases.

//

//

---

[11] *See* 18 U.S.C. § 3553(a)(2)(C).

[12] *See* 18 U.S.C. § 3553(a)(6).

7. <u>The Parsimony Provision</u>

Mr. Gallegos-Raymundo argues that any reduction in sentence that allows for a total sentence of more than 69 months of incarceration is inconsistent with the parsimony principle. (*See* Renewed Mot. at 9.) He argues that because his prior sentence was at the bottom of his prior Sentencing Guidelines range, his new sentence based on his revised Sentencing Guidelines range should also be at or near the lowest possible remaining sentence within the revised range. (*See id.*) In Mr. Gallegos-Raymundo's view, a longer sentence would be inconsistent with the parsimony principle. (*See id.*)

The parsimony principle stems from 18 U.S.C. § 3553(a), which "contains an overarching provision instructing district courts 'to impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (quoting 18 U.S.C. § 3553(a)). The clause is "a guidepost, an overarching principle that directs judges in the appropriate exercise of their sentencing discretion within the sentencing range authorized and consideration of factors prescribed by Congress." *United States v. Chavez*, 622 F.3d 1006, 1010 (9th Cir. 2010). The parsimony principle does not "command a particular result." *Id.* Indeed, any "reasonable sentence incorporates th[e] principle," *United States v. Placencia-Medina*, 346 F. App'x 161, 162 (9th Cir. 2009) (unpublished), and "challenging a sentence as violating the 'parsimony principle' is simply another way of stating that the sentence is unreasonable," *United States v. Rosales-Gonzales*, 801 F.3d 1177, 1184 (9th Cir. 2015) (citing *United States v. Crowe*, 563 F.3d 969, 977 n.16 (9th Cir. 2009)).

//

The court rejects Mr. Gallegos-Raymundo's argument that the parsimony principle requires the court to impose a sentence near the low end of the revised Sentencing Guidelines range if the court had selected a sentence near the low end of the original Sentencing Guidelines range. (*See* Renewed Mot. at 8-9.) The court's discretion in calculating an appropriate and reasonable sentence encompasses more than the type of simplistic calculation Mr. Gallegos-Raymundo suggests. The court agrees that a small reduction in Mr. Gallegos-Raymundo's sentence is warranted based on its above evaluation of the 18 U.S.C. § 3553(a) factors. However, the court concludes that some distinction in retroactive sentence reductions is warranted between those inmates serving time solely for a drug offense and those inmates, like Mr. Gallegos-Raymundo, who committed two secondary felony offenses on top of his original drug offense. Thus, based on its review of the applicable 18 U.S.C. § 3553(a) factors described above, and bearing in mind the parsimony principle embedded in those factors, the court concludes that the sentence reduction the Government recommends—from 78 to 75 months, rather than the larger reduction Mr. Gallegos-Raymundo seeks—from 78 to 69 months, is the appropriate and reasonable sentence for the court to impose here.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Mr. Gallegos-Raymundo's renewed motion (Dkt. # 294). The court grants Mr. Gallegos-Raymundo a reduction in his combined sentence but only from 78 to 75 months. The court will enter a separate Amended Judgment to re-impose a reduced, combined sentence of 75 months, which consists of 63 months for Case Nos.

1 | CR08-0159JLR and CR13-0023JLR, to run concurrently, plus 12 months for Case No.

2 | CR09-0013JLR, to run consecutively.

3 |     Dated this 18th day of September, 2017.

*[signature: James L. Robart]*

JAMES L. ROBART
United States District Judge